*State vs. Roberts.*

## STATE vs. ROBERTS.

A prosecutor is not necessary on an indictment for a trespass to school lands. A prosecutor is only necessary in cases of trespass to private property, and not in cases of trespass to the property of the State, or of the counties.

APPEAL from the Osage Circuit Court.

STRINGFELLOW, *Attorney General, for the State.*

The provisions of the 22d section of the 3rd article of the act concerning Criminal Practice, could only have been intended to apply to cases of trespass to the persons or property of natural persons, and must have been only intended to prevent prosecutions instituted from ill feelings excited by petty trespasses.

The act concerning School Lands, makes it the special duty of the grand jury to protect the school lands by prosecuting trespasses. This injunction would be idle, if they can only act where there is a prosecutor.

The construction of the act concerning costs in civil cases, sustains the construction here contended for. By that act "in all suits brought upon official bonds for the use of any person, a bond to secure the costs shall be filed." Yet, it has never been imagined that the State or a county was included in this provision, although the expression is without qualification.

E. L. EDWARDS, *for Appellee.*

The 22d section (page 866,) of the act of 1845, regulating practice and proceedings in criminal cases, requires that in all indictments for any trespass against the person or property of another, not amounting to a felony, the name of a prosecutor shall be endorsed unless preferred by two of the grand jury, or by a public officer. It is not presumed that it will be argued that this is not an indictment for a trespass against the property of another, within the meaning of the statute. The words "person" and "property," have each a technical meaning that is now settled beyond dispute.

The legislature to save and protect the State and county treasuries from the heavy drafts upon them for costs upon indictments, often preferred to gratify a personal hatred and private malice,

*State* vs. *Roberts*.

not for the public good, have in many cases required a prosecutor's name to be endorsed on the indictment, that in the event the indictment should fail, the cost should be paid by him.

There is more reason why the name of a prosecutor should be endorsed on an indictment for the offence now under consideration, than in ordinary cases. The fine to be recovered on indictments of this kind does not go into the county treasury, but is appropriated exclusively to the benefit of the inhabitants residing in the particular township. The cost, should the prosecution fail, must be paid by the county, (if there is no prosecutor) taxing, in this manner all the inhabitants of the county in a matter they could receive no possible benefit from, and this too, most likely, to gratify the malice of some evil disposed person. This is not a proceeding in which either the State or county are directly interested. It is a matter exclusively for the benefit of the inhabitants of the particular township, and the burdens, if any, should fall on those who expect to reap the benefits.

McBRIDE, J., *delivered the opinion of the Court.*

Alfred Roberts was indicted under the 30th section of the act regulating School Lands, R. C., 1845, p. 994, for a trespass committed upon a sixteenth section. The indictment was not found upon the information of two or more members of the grand jury, nor that of any civil officer, nor was there endorsed thereon the name of a prosecutor. The defendant moved to quash the indictment, which motion the court sustained and the prosecuting attorney excepted, and has brought the case to this Court by appeal.

The question is, does an indictment of this character come within the operation of the 22nd section of the act regulating Practice and Proceedings in Criminal Cases? (R. C., 1845, p. 866.) This section provides that "no indictment for trespass against the person or property of another not amounting to felony, shall be preferred unless the name of a prosecutor is endorsed as such thereon, except where the same is preferred upon the information or knowledge of two or more of the grand jury, or on the information of some public officer, in the necessary discharge of his duty, in which case a statement of the fact shall be made at the end of the indictment, and signed by the foreman of the grand ury."

In connection with the foregoing provision, we are referred to the 10th section of the act concerning the Revised Statutes, (R. C. 697,) which provides that "when any subject, matter, party or person, is described or referred to, by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, shall be deemed to be included."

The intention of the legislature, in passing the first recited provision, is manifest. It was to discountenance vexatious and malicous prosecu-

33

tions ; to prevent evil disposed individuals from using the engine of the law to gratify malevolent feelings and wreak their vengeance on their enemies with impunity. To hold them responsible for the costs attending such prosecutions, would impose a salutary check, and hence the reason of the enactment. No such considerations, or at least not to the same extent, could operate in a prosecution of this kind, therefore it is not probable that the legislature intended to bring trespasses committed upon school lands within the operation of the section cited.

But again, the provision was only intended and in fact is only applicable to trespasses committed upon private property, and not upon the property of the State or the counties. The sixteenth sections are by law set apart, for a purpose the most laudable. The law is so mindful of the interest which after generations have in those lands, as to make their preservation from waste, the subject of special legislation, and to constitute all civil officers a committee of vigilance to protect them and bring to punishment all persons trespassing thereon. The Judges of the circuit courts are required to direct the attention of the grand juries, specially, to the subject, and the grand juries are enjoined, diligently, to inquire into all offences committed on these lands and present the offenders. Would not all of this solicitude and care be baulked by requiring an individual having no direct pecuniary interest in the matter to become prosecutor before an indictment could be found ?

Another reason presents itself to our mind equally conclusive. If it were not for the provision in question, an individual, instrumental in procuring a prosecution for private pique, might gratify his feelings and subject the county to costs in a matter in which she was in no wise interested. Not so in this case, for the county is interested in protecting the school lands from trespass, and would not have the same reason for complaint should the costs of an unsuccessful prosecution fall upon her.

Wherefore we are of opinion the Circuit Court erred in quashing the indictment, and its judgment is reversed and the cause remanded to that court for further proceedings to be there had.